UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BANUELOS,<br><br>            Plaintiff,<br><br>     v.<br><br>ANTHONY TONY REYES,<br><br>            Defendant. | Case No. 1:19-cv-01328-DAD-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |

Plaintiff Robert Banuelos ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action on September 23, 2019. (Doc. No. 1.) Plaintiff's complaint is currently before the Court for screening.

**I.      Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff names Anthony Tony Reyes as a defendant. In his form complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983 for violation of his Eighth and Fourteenth Amendment rights.

Plaintiff alleges that he and his son were forced out of his grandmother's residence in 2007. Plaintiff was alleged to have a hit on him. Plaintiff was employed and reconciled with his wife but went to prison due to domestic violence charges. He was poisoned and almost killed. From 2010 to 2013 Plaintiff was homeless and slept on the sidewalk. Plaintiff was jumped and suffered a cheek bone fracture and skull line fracture. In 2012, Plaintiff was assaulted by gang members. From 2012 through 2016 Plaintiff's son was placed in foster care. In 2014, Plaintiff took care of his grandfather who passed away in 2016. From 2016 through 2019 Anthony Reyes took over the property and verbally assaulted Plaintiff, threatened him, and was disrespectful. In 2019, the property was placed in probate and Plaintiff was wrongfully evicted. Plaintiff alleges that he underwent pain and suffering and was left homeless without cause.

In his request for relief, Plaintiff requests $95,000.00 in monetary compensation and a copy of a deed of ownership.

## III.    Discussion

Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, he will be granted leave to amend his complaint to cure the identified deficiencies to the extent he can do so in good faith. To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his allegations.

**A.      Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.; see also Twombly*, 550 U.S. at 556–557.

As a basic matter, the complaint lacks clear factual allegations regarding the incident at issue.  Plaintiff alleges a chronology of events and circumstances from 2007 through 2019 but it is unclear how, if at all, many of these allegations relate to Plaintiff's claims. Plaintiff's complaint is confusing, convoluted, and fails to set forth the facts in a comprehensible manner.  The complaint does not clearly articulate the facts giving rise to Plaintiff's claims and is instead filled with opaque, scattershot, and seemingly unrelated factual allegations and generalized statements. This is not permissible because it does not give the defendant "fair notice" of the claims against which he must defend and the facts and legal theories that give rise to the claims. *See* Fed. R. Civ. P. 8(a)(2).

Plaintiff is cautioned that any amended complaint must comply with Federal Rule of Civil Procedure 8 by clearly and succinctly stating what happened, when it happened, and how the defendant was involved.

**B.      Private Parties**

Plaintiff alleges violation of his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Although Anthony Tony Reyes is identified in the caption of the complaint, the portion of the form complaint where Plaintiff was instructed to list the name, position, title, and institution of each defendant is left blank. (*See* Doc. No. 1 at 2.)

It is not clear from the complaint whether the defendant was acting under color of state law as is required for a claim pursuant to section 1983. *See O'Guinn v. Lovelock Corr. Ctr.*, 502

F.3d 1056, 1060 (9th Cir. 2007) (allegation of state action is "necessary element of a § 1983 claim"). Generally, private parties do not act under color of state law for section 1983 purposes. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Indeed, the law presumes that conduct by private actors is not state action. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). The ultimate issue in determining whether a person is subject to suit under a federal civil rights action is whether the alleged infringement of federal rights is fairly attributable to the government. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Huffman v. Cty. of L.A.*, 147 F.3d 1054, 1057 (9th Cir. 1998) (holding that a defendant must have acted "under color of law" to be held liable under § 1983). Simply put, section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citations and internal quotations omitted).

A private party may, under limited circumstances, act under the color of state law when "he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). The Ninth Circuit recognizes "at least four different criteria, or tests, used to identify state action: '(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.'" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999)). "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Id.* But under any of the four tests, "the central question remains whether the alleged infringement of federal rights [is] fairly attributable to the government." *Id.* at 1096 (internal quotation marks omitted). Courts have held that an eviction by a private actor may become state action only where police are involved "every step of the way." *Anderson v. Lomas*, 2011 WL 5190044, at *4 (N.D. Cal. Oct. 31, 2011) (citation omitted); *see also Howerton v. Gabica*, 708 F.2d 380, 385 (9th Cir. 1983) ("A single request for the police to perform their peace-keeping functions may not be sufficient to make a landlord a 'joint actor' with the state for section 1983 purposes.").

Plaintiff has not stated any factually plausible allegations that the defendant was acting under color of state law or that he engaged in any infringements of federal rights that are fairly

1    attributable to the government. As an initial matter, it is unclear that an eviction even took place
2    as there are no allegations in the complaint of a written agreement or lease or other facts
3    indicating that a landlord-tenant relationship existed between Plaintiff and the defendant.
4    Plaintiff also has not alleged any police involvement in the eviction process, much less that police
5    were involved "every step of the way" such that the defendant was proceeding under color of
6    state law. Accordingly, Plaintiff has failed to state a cognizable claim under section 1983 against
7    Anthony Tony Reyes.

        **C.**     ***Rooker-Feldman* Doctrine**

9    It is not clear from the allegations whether Plaintiff is challenging a state court judgment
10   in a probate or unlawful detainer action and/or the subsequent enforcement of the judgment
11   through a writ of possession. However, to the extent Plaintiff intends to bring such a challenge, he
12   may not do so.
13   This Court lacks subject matter jurisdiction to review the final determinations of state
14   court proceedings. *See, e.g., Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th
15   Cir.1986) ("The United States District Court ... has no authority to review the final determinations
16   of a state court in judicial proceedings."). Under the *Rooker-Feldman* doctrine, a federal district
17   court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state
18   court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also*
19   *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity*
20   *Trust Co.*, 263 U.S. 413, 415 (1923). Therefore, under the *Rooker–Feldman* doctrine, the Court is
21   precluded from reviewing an unlawful detainer judgment and its execution. *Busch v. Torres*, 905
22   F. Supp. 766, 771 (C.D. Cal. 1995); *see also Dang v. Oakland Police Dep't,* 2014 WL 793613, at
23   *7 (N.D. Cal. Feb. 26, 2014) (reasoning that *Rooker-Feldman* barred challenge to the writ of
24   possession issued by the state court fulling judgment in an unlawful detainer action); *Drawsans v.*
25   *F.F. Props., L.L.P.,* 866 F.Supp.2d 1110, 1123 (N.D. Cal.2011) (holding that an attempt to
26   challenge adverse ruling in unlawful detainer proceeding is barred under *Rooker-Feldman*
27   doctrine); *Reusser v. Wachovia Bank, N.A.,* 2006 WL 2334844 at *2–3 (D. Or. Aug. 10, 2006)
28   (finding that claims challenging the validity of state court foreclosure and eviction judgments

were barred by *Rooker–Feldman* doctrine).

Therefore, to the extent Plaintiff intends to challenge a state court order regarding his eviction, his claims are barred by the *Rooker-Feldman* doctrine.

### D. Eighth Amendment

Plaintiff's complaint alleges that his constitutional rights arising under the Eighth Amendment were violated. The Eighth Amendment's prohibition on cruel and unusual punishment places restraints on the actions of prison officials against prisoners. *See Farmer v. Brennan,* 511 U.S. 825 (1994); *Hudson v. McMillian,* 503 U.S. 1 (1992). "In the few cases where the Court has had occasion to confront claims that impositions outside the criminal process constituted cruel and unusual punishment, it has had no difficulty finding the Eighth Amendment inapplicable." *Ingraham v. Wright,* 430 U.S. 651, 667–68 (1977); *see also Hawkins v. Comparet–Cassani,* 251 F.3d 1230, 1238 (9th Cir. 2001).

Here, even construing the complaint liberally, it is difficult to discern from the complaint which, if any, of Plaintiff's rights arising under the Eighth Amendment were violated or what affirmative act or omission each defendant committed to cause such a violation. While Plaintiff alleges that he was incarcerated at some point, this period of incarceration does not appear to have any relation to the eviction which appears to form the basis of his complaint. Plaintiff does not allege any facts indicating the defendant caused him to suffer inhumane methods of punishment or inhumane conditions of confinement while he was a prisoner.  Plaintiff has therefore failed to state a cognizable claim for violation of his Eighth Amendment rights pursuant to section 1983 against defendant Anthony Tony Reyes.

### E. Fourteenth Amendment

Plaintiff additionally alleges a violation of his rights arising under the Fourteenth Amendment. It appears that Plaintiff may be alleging a violation of his procedural due process rights. However, the nature of this claim is unclear.  Out of an abundance of caution, the Court nevertheless provides Plaintiff with the standard for a procedural due process claim under the Fourteenth Amendment.

The Due Process Clause of the Fourteenth Amendment guarantees that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend XIV. Procedural due process claims are examined under a two-part analysis. *Shapiro v. Suvorov*, 2014 WL 1347180, at *4 (C.D. Cal. Apr. 4, 2014). First, the Court must determine whether the interest at stake is a protected liberty or property right under the Fourteenth Amendment. *Id.* Only after identifying such a right does the Court continue to consider whether the deprivation of that interest contravened notions of due process. *Id.* (citing *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989)). "Property interests are not created by the Constitution [.]" *Id.* (citing *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538 (1985)). Instead, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law[.]" *Id.* (quoting *Cleveland Bd. Of Educ.,* 470 U.S. at 538).

Here, as discussed above, Plaintiff has failed to allege the existence of a conventional relationship of landlord and tenant creating a protected property interest under the Fourteenth Amendment. *See Shapiro v. Willowbrook Home LLC,* 2014 WL 3706703, at *6 (C.D. Cal. June 23, 2014) (finding that a plaintiff had failed to allege a procedural due process violation for wrongful eviction where the complaint did not allege a conventional landlord and tenant relationship); *Martinez v. Sonoma–Cutrer Vineyards,* 577 F.Supp. 454 (C.D.Cal.1983) (rejecting plaintiffs' due process claim arising out of an eviction because "plaintiffs are unable to establish the existence of a protected property interest" in the case of premises "remaining under the supervision and control of the [alleged sublessor]"). As Plaintiff has not alleged the existence of a protected property interest or that the defendant was acting under color of state law, he fails to state a cognizable claim for a procedural due process violation under the Fourteenth Amendment.

### IV.   Conclusion and Order

Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights or otherwise harmed Plaintiff. *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey,* 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **July 28, 2020**             /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE